# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## Hearing Information:

| | |
|---|---|
| **Debtor:** | RONALD WATTS |
| **Case Number:** | 2:18-BK-13651-MCW    **Chapter:** 7 |
| **Date / Time / Room:** | TUESDAY, MARCH 24, 2020 11:00 AM   7TH FLOOR #702 |
| **Bankruptcy Judge:** | MADELEINE C. WANSLEE |
| **Courtroom Clerk:** | CHRISTINA JOHNSON |
| **Reporter / ECR:** | N/A |

## Matters:

1) MOTION FOR RELIEF FROM ENTRY OF DISCHARGE AND CONFIRMING APPLICABILITY OF SECTION 524(E)
   **R / M #:**   19 / 0

2) MOTION TO WITHDRAW AS ATTORNEYS FOR THE DEBTOR
   **R / M #:**   20 / 0

## Appearances:

Telephonically:
ANTHONY AUSTIN, ATTORNEY FOR THE LITIGATION PLAINTIFFS
SCOTT RAUSCHER, ATTORNEY FOR THE LITIGATION PLAINTIFFS IN UNDERLYING LITIGATION
ERIC R. THIEROFF, ATTORNEY FOR RONALD WATTS
RONALD WATTS, DEBTOR

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...  2:18-BK-13651-MCW          TUESDAY, MARCH 24, 2020 11:00 AM

## Proceedings:

The court noted a form of order as to the pro hac vice application has not been lodged.

Mr. Austin will upload the form of order today.

The court stated its concerns noting the pleadings were not consistent with the Local Rules. The court noted the joint motion was only signed off by one party.

# 1

Mr. Thieroff stated no objection to the motion. He confirmed his client does not wish to object to the motion.

Mr. Watts briefly stated his position.

Mr. Austin stated his position and confirmed the litigation plaintiffs at this time do not intend to attack the debtor's discharge, but intend to merely rely upon any parties who may have the responsibility to indemnify. He confirmed he is seeking a comfort order on the applicability of 524(e).

Mr. Thieroff had nothing to add.

Mr. Watts had nothing to add.

COURT: THE COURT FINDS AND CONCLUDES THAT NOTICE TO THE CITY OF CHICAGO IS APPROPRIATE UNDER THE CIRCUMSTANCES. THE RELIEF REQUESTED IS ALSO APPROPRIATE. IT IS ORDERED GRANTING THE MOTION FOR THE REASONS STATED ON THE RECORD. A REVISED FORM OF ORDER SHALL BE UPLOADED WITH THE FOLLOWING REVISIONS; (1) THE ORDER SHALL REFLECT THAT THE MATTER CAME ON FOR HEARING AND ALTHOUGH THERE WERE NO WRITTEN OBJECTIONS, THERE WAS AN APPEARANCE BY THE DEBTOR AND HIS COUNSEL, (2) TO THE EXTENT ANY OBJECTIONS WERE RAISED, IT WAS OVERRULED, (3) THE LINE THAT STATES "IT IS ORDERED THAT THE MOTION IS GRANTED IN ITS ENTIRETY" SHALL BE STRUCK, (4) THE ORDER SHOULD BE FREE STANDING AND IT SHOULD INCORPORATE THE RELIEF THAT IS BEING GRANTED, AND (5) THERE SHOULD BE A REFERENCE TO THE OPERATIVE CODE SECTION IN THE LAST PARAGRAPH.

PROCEDURAL MATTER AND LOCAL RULES
THE COURT DISCUSSED ITS CONCERNS WITH DOCKET ENTRIES 19 AND 22 NOTING THEY ARE PROCEDURALLY IMPROPER. THE COURT IS ASKING COUNSEL TO BE MINDFUL OF LOCAL RULE 9013.

# 2

The court did not see a consent by Mr. Watts. The court believes anything that deals with the discharge is important and the court wanted to hear from the parties before it signs an order for withdrawal.

Case 2:18-bk-13651-MCW    Doc 28    Filed 03/24/20    Entered 03/24/20 12:53:16    Desc
Main Document      Page 2 of 3

03/24/2020  12:52:55PM

# Minute Entry

(continue)... 2:18-BK-13651-MCW          TUESDAY, MARCH 24, 2020 11:00 AM

Mr. Thieroff had nothing to add.

Mr. Watts stated no objection.

COURT: IT IS ORDERED GRANTING THE MOTION FOR THE REASONS STATED ON THE RECORD. THE COURT WILL SIGN THE LODGED ORDER.